## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

PETER DIPIETRO,

           Plaintiff,

    v.

JOAN P. MORISKY, et al.,

           Defendants.

_____

Civ. No. 1:12-cv-2338-NLH-AMD

**OPINION and ORDER**

**APPEARANCES:**

PETER DIPIETRO
495 SOUTH BLUEBELL ROAD
VINELAND, NJ 08360

    Appearing *pro se*

KELLY AMBER SAMUELS
TOMPKINS MCGUIRE WACHENFELD & BARRY
3 BECKER FARM ROAD, FOURTH FLOOR
ROSELAND, NJ 07068

    On behalf of Joan P. Morisky, Stephen E. Fingerman, Paula
    Montana, Angela Merlo, Glenn Grant, New Jersey State Board
    of Psychological Examiners, State of New Jersey, Superior
    Court of New Jersey, New Jersey Office of the Attorney
    General

MARK A. PETRASKE
DUGHI, HEWIT AND DOMALEWSKI, P.C.
340 NORTH AVE. EAST
CRANFORD, NJ 07016

GEORGE H. CORTELYOU
AXIS CAPITAL
300 CONNELL DRIVE, SUITE 8000
P.O. BOX 357
BERKELEY HEIGHTS, NJ 07922

    On behalf of defendant Dr. Phillip Bobrove

1

PATRICK J. MADDEN
MADDEN & MADDEN, PA
108 KINGS HIGHWAY EAST, SUITE 200
PO BOX 210
HADDONFIELD, NJ 08033 0389

    On behalf defendant Gloucester County Prosecutor's Office

ROBERT NATHANIEL AGRE
4 KINGS HIGHWAY EAST
HADDONFIELD, NJ 08033

    On behalf of defendants Trace and Jenkins, LLC, Mary Cay
    Trace, Esquire, Richard M. Chiumento, Esquire, and Adinolfi
    & Spevak, P.A.

JOHN L. SLIMM
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PC
WOODLAND FALLS CORPORATE PARK
200 LAKE DRIVE EAST, SUITE 300
CHERRY HILL, NJ 08002

    On behalf of defendant Heather A. Wright

FRANCES WANG-DEVENEY
MARKS, O'NEILL, O'BRIEN & COURTNEY, PC
COOPER RIVER WEST
6981 N. PARK DRIVE, SUITE 300
PENNSAUKEN, NJ 08110

    On behalf of defendants Michael A. Diamond, P.A. and
    Michael A. Diamond

**<u>HILLMAN</u>, District Judge**

    WHEREAS, on April 19, 2012, Plaintiff filed a complaint
alleging violations of his constitutional, statutory, and common
law rights related to his 2000 divorce and custody matter in New
Jersey state court (ECF 1); and

    WHEREAS, Defendants moved to dismiss the case and bar
Plaintiff from filing future related claims; and

WHEREAS, in this Court's October 4, 2012 Opinion and Order (ECF 27), this Court determined that Plaintiff's claims were barred by a number of substantive doctrines that could not be cured by amendment and dismissed Plaintiff's claims with prejudice; and

WHEREAS, specifically, Plaintiff's claims for money damages against New Jersey, Gloucester County, and individual state defendants sued in their official capacities were barred by sovereign immunity; and

WHEREAS, Plaintiff's claims against New Jersey, individual state defendants in their official capacities, and the Gloucester County Prosecutor's Office were barred because they are not "persons" under § 1983; and

WHEREAS, Plaintiff's claims against the state court judge and other state court defendants were barred based on absolute judicial and quasi-judicial immunity; and

WHEREAS, Plaintiff's claims against attorneys and law firms representing his ex-wife in the state court proceedings were barred because they are not state actors, and accordingly cannot be held liable under § 1983; and

WHEREAS, Plaintiff's claims were also barred under the doctrines of issue and claim preclusion as well as New Jersey's entire controversy doctrine because the claims were duplicative of prior litigation; and

WHEREAS, the statute of limitations had expired on his state law claims and constitutional claims; and

WHEREAS, Plaintiff had not abided by the notice procedures required under the New Jersey Tort Claims Act when suing the state and county defendants in tort; and

WHEREAS, this Court did not have subject matter jurisdiction over Plaintiff's claims pursuant to the Rooker-Feldman doctrine; and

WHEREAS, the Court determined that none of these deficiencies could be cured by amendment; and

WHEREAS, this Court also addressed the issue of whether a preclusion order should be issued; and

WHEREAS, this Court noted that Plaintiff had filed several law suits both in federal and state court against every person or entity that had been involved in his family court matter, all of which were dismissed or resolved in favor of the defendants; and

WHEREAS, the Court determined that Plaintiff's repetitive lawsuits may require restriction of Plaintiff's access to the Court as it relates to the claims set forth in this case; and

WHEREAS, this Court issued an order to show cause within fifteen days of the Court's order why a preclusion order should not be entered; and

WHEREAS, on January 3, 2013, this Court issued a preclusion

order, enjoining Plaintiff from filing any claims in this Court related to his state court divorce and custody matters without prior permission of the Court (ECF 28); and

WHEREAS, this case has been closed since October 4, 2012; and

WHEREAS, on August 31, 2023, Plaintiff submitted a filing to this Court seeking to reinstate this case pursuant to Federal Rule of Civil Procedure 60; and

WHEREAS, Plaintiff also filed to reinstate another closed case in this Court, Peter DiPietro v. Landis Title Co., et al., No. 11-5110; and

WHEREAS, that same day he also filed a motion entitled "Motion for Application of Payment in this Court Registry Investment System (CRIS)" and "Motion for Withdrawal of Funds from the Registry of the Court" in this case as well as a number of other closed case, including: Peter DiPietro v. Landis Title Co., No. 11-5110; Peter DiPietro v. Gloucester County Sherriff's Dept., No. 11-5878; Peter DiPietro v. State of New Jersey, No. 14-352; and Peter DiPietro v. State of New Jersey, No. 19-17014 seeking the return of either $10 million or $10 billion dollars from the Court's register;1; and

WHEREAS, Rule 60(b) provides:

---

1  The motion seeks the return of "$10,000,000,000.00 TEN MILLION DOLLARS plus any accrued interest."  (ECF 32).

> Grounds for Relief from a Final Judgment,
> Order, or Proceeding. On motion and just
> terms, the court may relieve a party or its
> legal representative from a final judgment,
> order, or proceeding for the following
> reasons:
>
> (1) mistake, inadvertence, surprise, or
> excusable neglect;
>
> (2) newly discovered evidence that, with
> reasonable diligence, could not have been
> discovered in time to move for a new trial
> under Rule 59(b);
>
> (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation,
> or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied,
> released, or discharged; it is based on an
> earlier judgment that has been reversed or
> vacated; or applying it prospectively is no
> longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60; and

WHEREAS, a Rule 60(b) motion "must be made within a
reasonable time--and for reasons (1), (2), and (3) no more than
a year after the entry of the judgment or order or the date of
the proceeding." Fed. R. Civ. P. 60(c)(1); and

WHEREAS, as a primary matter, Plaintiff's Rule 60(b) motion
is untimely. It was filed more than ten years after this Court
dismissed the case, which is beyond any "reasonable time" for
filing; and

WHEREAS, even if the Court found Plaintiff's Rule 60(b) motion to "be made in a reasonable time," Plaintiff sets forth no substantive basis for reinstating his case; and

WHEREAS, in his Motion to Reinstate he sets forth, in one page, his explanation of why it should be reinstated; and

WHEREAS, Plaintiff raises allegations related to Angel Merlo, who provided a risk assessment in the state court custody proceedings; however, Plaintiff does not provide any explanation for why the list of substantive doctrines detailed below should not have applied; and

WHEREAS, Plaintiff specifically states that this Court "had original jurisdiction but dismissed the case"; however, again he does not address, for example, why the Rooker-Feldman doctrine should not apply and accordingly, this Court reiterates its determination back in 2012 that pursuant to the Rooker-Feldman doctrine, this Court did not and does not have subject matter jurisdiction over Plaintiff's claims; and

WHEREAS, Plaintiff's "Motion for Application of Payment in this Court Registry Investment System (CRIS)" and "Motion for Withdrawal of Funds from the Registry of the Court" is patently frivolous on its face in that it provides no legal analysis or any allegations of a good-faith belief that such an enormous amount of money was ever deposited into the Court Registry or would otherwise be owed to him by the Clerk or the Court; nor,

given the nature of this matter and a review of the docket, is there any objective reason why such funds would have been deposited during the litigation of this matter or evidence that such a deposit or deposits were ever made;

THEREFORE, it is on this 17th day of October, 2023,

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's Rule 60 Motion, (ECF 33) to Reinstate be, and the same hereby is, DENIED; and it is also

ORDERED that the Motion for Application of Payment in this Court Registry Investment System (CRIS)" and or Withdrawal of Funds", (ECF 32) be, and the same hereby is, DENIED; and it is further

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED"; and it is further

ORDERED that the Clerk serve a copy of this Opinion and Order on Plaintiff by regular mail.


At Camden, New Jersey                    /s Noel L. Hillman
                                         NOEL L. HILLMAN, U.S.D.J.


8